UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW

Marina Shap                                   :
741 Chesham Turn                              :
Southampton, PA 18966                         :   11-cv-04461-CMR
                    Plaintiff                 :
Vs.                                           :
Capital One Financial Corporation             :
1680 Capital One Drive                        :
McLean, VA 22102                              :
and                                           :
Capital One Bank (USA)                        :
6124 188th Street                             :
Fresh Meadows, NY 11365-2713                  :   Jury Trial Demanded
and                                           :
John Does 1-10                                :
and                                           :
X,Y,Z Corporations                            :
                    Defendant(s)              :

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S ANSWER TO DEFENDANT'S MOTION TO DISMISS

### Background

Plaintiff, Marina Shap, has sued under 15 USC 1681 s-2, a provision of the Fair Credit Reporting Act (FCRA) which pertains to duties of furnishers of information. Plaintiff alleges that Defendant, Target National Bank (TNB) is a furnisher of information as defined by 15 USC 1681 s-2 (a)(1)(D)(2)(A). Plaintiff further alleges that Defendant has placed derogatory information on Plaintiff's credit report against which Plaintiff has raised certain disputes.

On multiple occasions, Plaintiff disputed the balance, interest, finance charges and fees in writing with the Defendant. Plaintiff did not dispute the existence of the account wit Defendant. Nor did Plaintiff dispute that at one point Plaintiff owed some money to Defendant. Nor did Plaintiff dispute that the account in question belonged to Plaintiff. The basis of Plaintiff's dispute was the

amount of the balance, interest, finance charges and the existence of a contract to support the balance, interest rate and finance charges. Plaintiff contended that the amount of the balance, interest and finance charges were incorrectly stated on his report.

Defendant received Plaintiff's written disputes. Nevertheless, Defendant chose to disregard Plaintiff's disputes, and allowed the information to remain substantially the same on Plaintiff's credit report. Defendant never responded to Plaintiff's requests for adequate documentation justifying the alleged balance, interest or finance charges.

Because Plaintiff's attempts to resolve the dispute directly with Defendant were not successful, and because Defendant failed to respond to Plaintiff's requests for adequate documentation, Plaintiff then decided to dispute the information directly with the credit reporting agency(ies). The credit reporting agency(ies) then contacted Defendant about Plaintiff's disputes, and Defendant then verified the information to the credit reporting agency(ies). When Defendant verified the information to the credit reporting agency(ies), Defendant omitted that Plaintiff's account was in a disputed status. No where in Defendant's responses to the credit reporting agency(ies) did Defendant mention that the account was in a disputed status. See attached exhibits.

At the moment Defendant verified the information about the account to the credit reporting agency(ies), Defendant had a statutory duty to mark the account as disputed on Plaintiff's credit report. See 15 USC 1681 S-2 (a)(1)(D)(3). Defendant's failure to include such relevant information at the time of verification is a per se violation of FCRA. See Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142 (4th Cir. 2008). Saunders has been followed by a Third Circuit Case, Smith v. HireRight Solutions, Inc., No. 09-6007, 2010 WL 2270541 (E.D. Pa., June 7, 2010). Saunders can therefore be regarded as good law in this jurisdiction.

Defendant has filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant contends that Plaintiff has failed to state a claim upon which relief may be granted. Defendant bases its argument for Dismissal on two non-3rd Circuit cases, the

aforementioned Saunders, as well as Gorman v. Wolpoff & Abramson LLP, 584 F. 3d 1147 (9th Cir. 2009) which, taken together, are claimed by Defendant to stand for the proposition that any failure by a "furnisher" to report a claim as disputed is only actionable under 15 USC 1681-S2 if: 1) the failure was "misleading;" and 2) the dispute in question was not frivolous, which would lead to the conclusion of "misleading." Defendant contends that Plaintiff's dispute was frivolous, and that the derogatory information was not "misleading."

Under the standard established in the 9th Circuit by Gorman, a furnisher is excused from FCRA compliance if the consumer's dispute is illegitimate and/or frivolous, and any reporting by the furnisher of the status quo prior to the dispute is therefore not misleading. Nowhere in its Motion to Dismiss does the present Defendant ever indicate that an investigation was ever done, what were the results of that investigation, or whether there was a definite decision not to report Plaintiff's credit report dispute as "disputed". Defendant, in its memorandum, clearly tries to place the burden of a showing of "misleading" on the Plaintiff, without acknowledging that, under the case law it cites, a showing of legitimacy (of the original dispute) is likely enough to meet the "sufficiency" pleading standard. According to Defendant, a duty for FCRA compliance arises if and only if certain conditions are met; while the case law cited only excuses the duty arising under FCRA if and only if a consumer's dispute is facially without basis.

Defendant's argument that Plaintiff's disputes were frivolous couldn't be farther from the truth. Not only does Plaintiff's Complaint, aver the presence of a dispute, the reader is directed to the exhibits for Plaintiff's Complaint and this memorandum which clearly show that Plaintiff was legitimately questioning the balance, interest, finance charges and the existence of a contract. The basis of the dispute are outlined in the Complaint, and are both verified and reiterated throughout the exhibits therein. Plaintiff has a legitimate dispute with Defendant, therefore any attempt to assert otherwise, such as the filing of a 12(b)(6) motion is inherently unreasonable.

Defendant's argument that the reported information on Plaintiff's credit report was not misleading is also inaccurate. Defendant's failure to report Plaintiff's dispute to the bureaus certainly misleading. The non-inclusion of the fact that the account was in dispute was misleading to any potential creditor or potential employer. Potential creditors or employers may well be curious as to why Plaintiff did not pay on the account. A potential creditor or employer may be influenced upon learning that the non-paid account was in dispute, thereby possibly warranting Plaintiff's non-payment of the account. Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's disputes fosters a presumption of validity to potential creditors or employers. The inclusion of the fact that the account(s) had previously been disputed by Plaintiff would likely help to negate such a presumption.

## Questions Presented

1. Did Plaintiff plead enough in his Complaint to indicate that Plaintiff's disputes concerning balance, interest and finance were bona fide legitimate disputes?

2. Did Plaintiff plead enough in his Complaint to indicate that Defendant's failure to report the account as disputed was in any way "misleading?"

## Notice Pleading

Unlike some state jurisdictions which require a more thorough pleading of the facts behind a Complaint, Federal courts require "Notice Pleading", which is governed by Federal Rule of Civil Procedure 8, in relevant part:

(a) Claims for Relief.

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

There is also a mandate for brevity and conciseness under FRCP 8(d)(1)

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1) In General.

Each allegation must be simple, concise, and direct. No technical form is required.

Therefore, any Federal plaintiff, including this one, is caught between the requirement of brevity and the requirement of pleading enough to pass 12(b)(6) muster. The Complaint in this matter does just that.

Plaintiff's basis for a bona fide legitimate dispute are well enough plead to pass 12(b)(6) muster. Paragraph 10 of the Complaint states that "Plaintiff disputed the alleged account(s) in writing with Defendant(s). See attached exhibits to Plaintiff's Complaint and to this memorandum. The exhibits clearly show the material nature of the bona fide dispute that existed between Plaintiff and Defendant. The exhibits include but are not limited to letters from Plaintiff to Defendant doing the following: 1) disputing the extraneous fees on the account Plaintiff allegedly had with Defendant; 2) disputing whether Plaintiff ever signed a contract of any sort with Defendant; 3) requesting a copy of that alleged

contract which supposedly justified the amount of the balance.

The court in Gorman dismissed the Complaint because the Plaintiff's dispute(s) with Defendant were at best cursory. In this case, however, Plaintiff's multiple disputes with Defendant were well articulated and attached as exhibits to Plaintiff's Complaint. Plaintiff's disputes, while certainly a matter for investigation, were facially legitimate. Further, while Plaintiff does not, either in paragraph 10 of the Complaint, or anywhere else therein, blatantly state the legitimacy of Plaintiff's credit report dispute, taken with the attached exhibits, legitimacy can easily be presumed.

## Precedents

Neither Gorman nor Saunders is a 3rd Circuit case. However, a case from this circuit, Smith v. HireRight Solutions, Inc., No. 09-6007, 2010 WL 2270541 (E.D. Pa.. June 7, 2010) follows **Saunders** closely, and is on point to the extent of dealing with a Defendant's 12(b)(6) motion, albeit regarding a different FCRA provision.

A close reading of Saunders indicates that the Courts do not agree with Defendant. There, the Court actually extended the right of the consumer, declaring that a "cursory" investigation by the furnisher of the dispute in question was not enough. So, as per Saunders, the statutory liability of the Defendant for failing to mark the account as disputed is obvious.

In Smith, Defendant was accused of providing false information regarding Plaintiff's alleged criminal history, which adversely affected Plaintiff's ability to find employment as a truck driver. Plaintiff sued under 15 USC 1681e(b) and 15 USC 1681k; Defendant responded with a 12(b)(6) motion. The court denied Defendant's motion to dismiss under 12(b)(6) and delineated the standard for such relevant motions in this Circuit:

> "As a general rule, a plaintiff may present his case to the jury on the issue of reasonable procedures merely by showing an inaccuracy in the consumer report and nothing more. The reasonableness of procedures is treated as a factual question generally suited for a jury's resolution."

## Conclusion

The FCRA was enacted to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

In this case, the Court is guided by the Rule **12(b)(6)** standard of review, meaning that Defendant bears the burden of proving, not simply that its interpretation was plausible, but that Plaintiff could not prevail under any reasonable alternative reading of the Complaint. See Korman v. Walking Co., 503 F. Supp. 2d 755, 761 (E.D. Pa. 2007). The Court's only role is to determine whether the *complaint* is sufficient."

Plaintiff sent a series of bona fide disputes to Defendant about the account. Plaintiff legitimately disputed the balance, interest and finance charges. Plaintiff's Complaint and the exhibits establish the bona fide nature of the legitimate dispute. Plaintiff is entitled by the statute to have his credit report reflect his legitimate disputes. Defendant therefore has no basis for its **12(b)(6)** Motion, which should be denied.

A reasonable view of the Complaint, with its attached exhibits, renders enough sufficiency to pass muster under Federal Rule of Civil Procedure **12(b)(6)**. Any reasonable interpretation of the Complaint should easily be enough to cross the preliminary (**12(b)(6)**) finish line in this matter. Whether Plaintiff's disputes were legitimate or frivolous is a question for the trier of fact, and not an issue to be determined in a 12(b)(6) motion.

In the alternative, if the Court finds that Plaintiff has not plead facts sufficient to pass 12 (b)(6) muster, Plaintiff requests that this case not be dismissed with prejudice. Plaintiff requests leave to amend the Complaint to plead fact with more specificity to pass 12(b)(6) muster. Plaintiff attaches a proposed Amended Complaint to this Motion.

Respectfully submitted,

_Vicki Piontek_  7.28.2011
Vicki Piontek, Esquire                Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com