# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW

Marina Shap        :
741 Chesham Turn      :
Southampton, PA 18966   :  11-cv-04461-CMR
      Plaintiff  :
Vs.          :
Capital One Financial Corporation :
1680 Capital One Drive    :
McLean, VA 22102     :
and         :
Capital One Bank (USA)    :
6124 188th Street      :
Fresh Meadows, NY 11365-2713 :  Jury Trial Demanded
and         :
John Does 1-10      :
and         :
X,Y,Z Corporations     :
     Defendant(s) :

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. This is an action brought by a consumer for Defendant(s) alleged violations of the

  Fair Credit Reporting Act (FCRA), 15 USC 1681 et. Seq.

2. Plaintiff is MARINA SHAP, an adult individual whose principle residence is located

  at 741 CHESHAM TURN, SOUTHAMPTON, PA 18966.

3. Defendants are the following.

  a. Capital One Financial Corporation, with a principal place of business, and which

    may be served at 1680 Capital One Drive, McLean, VA 22102.

b. Capital One Bank (USA), with a principal place of business, and which may be served at 6124 188th Street, Fresh Meadows, NY 11365-2713.

c. John Does 1-10, individuals or business entities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

d. X,Y,Z Corporations, business identities whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

## JURISDICTION AND VENUE

4. The previous paragraphs of this complaint are incorporated by reference and All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

5. Defendant(s) regularly transact(s) business throughout the Commonwealth of Pennsylvania, and in this jurisdiction.

6. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

7. A substantial portion of the conduct complained of occurred in this jurisdiction.

8.      Defendant's principal place of business is located in this jurisdiction.

9.      This Court has federal question jurisdiction pursuant to 28 USC 1331, 15 USC 1692, et. seq. and 15 USC 1681 et.seq.

10.     Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1334-1337.

11.     Venue lies in this District pursuant to 28 U.S.C. §1392(b).

12.     Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

**COUNT ONE:  VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 USC 1681 s-2 et seq.; Specifically 15 USC 1681 s-2 (b) et. seq.**

13.     The previous paragraphs of this complaint are incorporated by reference and made a part hereof.

14.     Plaintiff is a "consumer," as codified at 15 U.S.C. § 1681a(c).

15.     Defendant is  an entity who, regularly and in the course of business, furnishes information to one or more credit reporting agencies about Defendants(s) transactions or experiences with any consumer and Defendant is a "furnisher," as codified at 15 U.S.C. § 1681s-2.

16.     Defendant furnished certain derogatory information about Plaintiff's consumer
account to one or more of the relevant credit reporting agencies as defined by FCRA.

17.     Plaintiff disputed the alleged account(s) in writing with Defendant(s) in writing for a
number of meritorious reasons.  Plaintiff's dispute called into question issues
including but not limited to the following.

    a.     The amount of the alleged balance for the account.
    b.     Interest.
    c.     Finance charges
    d.     Other fees
    e.     The existence or non-existence of a contract which justified the balance
       interest, finance charges and other fees.

18.     Plaintiff's disputes with Defendant were in writing.  See attached exhibits.

19.     Plaintiff did not dispute the existence of the account, nor did Plaintiff dispute that
Plaintiff was the person to whom such account belonged.  But rather, Plaintiff
disputed the amount of the balance, interest, finance charges and other fees.  See
attached exhibits.

20.     Plaintiff's disputes with Defendant were bona fide legitimate disputes.

21.     Defendant(s) received Plaintiff's disputes concerning the alleged account(s).  See
attached exhibits.

22.    Defendant(s) chose to disregard Plaintiff's disputes, and allowed the information
pertaining to the disputed account to remain virtually the same on Plaintiff's credit
report.

23.    Plaintiff then disputed the alleged account(s) in writing with relevant credit bureaus.
See attached exhibits.

24.    One or more of the relevant credit reporting agency(ies) then conducted an
investigation where Defendant was contacted.  See attached exhibits.

25.    Defendant verified the alleged account(s) with one or more of the credit reporting
agency(ies).  See attached exhibits.

26.    At the time that Defendant(s) verified the alleged account(s) with the credit reporting
agency(ies), Defendant failed to state that the account(s) had been previously disputed
by Plaintiff.  See attached exhibits.

27.    The Pursuant to 15 USC 1861 s-2, Defendant(s) had a duty to notify the relevant
credit reporting agency(ies) of Plaintiff's prior dispute of the account(s).

28.    The Pursuant to 15 USC 1861 s-2, at the time that Defendant(s) verified the
information to the credit reporting agency(ies), Defendant(s) had a duty to report to

the credit reporting agency(ies) that the account(s) in question had been previously disputed by Plaintiff.

29.     At the time that Defendant(s) verified the information to the credit reporting agency(ies), Defendant failed to inform the relevant credit reporting agency(ies) that the account had been disputed by Plaintiff.

30.     Defendant failed to fulfill it's duties prescribed by 15 USC 1681 s-2 to inform the credit reporting agency(ies) that Plaintiff had previously disputed the account(s).  See attached exhibits.

31.     Defendant(s) deprived Plaintiff of Plaintiff's right to have the disputed status of the account(s) included on Plaintiff's credit report.

32.     Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's legitimate, bona fide and meritorious disputes was misleading in such a way that such failure can be expected to influence any potential creditor or employer who would happen to review Plaintiff's credit report.  See Saunders v. Branch Banking and Trust Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

33.     Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's disputes fosters a presumption of validity to potential creditors or employers.

34.   The inclusion of the fact that the account(s) had previously been disputed by Plaintiff would likely help to negate such a presumption.

35.   Any potential creditor or may well be curious as to why Plaintiff did not pay on the account.  A potential creditor or employer may be influenced to learn that the non-paid account was in dispute, thereby possibly warranting Plaintiff's non-payment of the account.

36.   Defendant(s) failure to notify the relevant credit reporting agency(ies) of Plaintiff's Legitimate, meritorious and bona fide dispute(s) is misleading in such a way that such failure can be expected to have an adverse affect.  See Saunders v. Branch Banking and Trust Company of Virginia, 526 F 3d 142, 151 (4th Cir. 2008).

37.   Upon information and belief, it is averred that Defendant has a standard practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

38.   It is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was intentional.

39.   In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to the possibility that Plaintiff

may well have been correct in disputing certain aspects of the account information contained on his credit report.

40.     In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on negligent indifference to the possibility that Plaintiff may well have been correct in disputing certain aspects of the account information contained on his credit report.

41.     In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on reckless indifference to Defendant(s) duties under 15 USC 1681 s-2.

42.     In the alternative, it is believed and averred that Defendant's failure to comply with 15 USC 1681 s-2 was based on negligent indifference to Defendant(s) duties under 15 USC 1681 s-2.

## PRIVATE CAUSE OF ACTION

43.     The previous paragraphs of this complaint are incorporated by reference.

44.     Plaintiff brings this action under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

45.   There is no private cause of action under 15 USC 1681s-2(a).  Only the government

can bring a cause of action under 15 USC 11681 s-2(a).  For example, the Attorney

General could bring a claim on behalf of consumers under 15 USC 1681s-2(a).


46.   But there is a private cause of action under 15 USC 1681s-2(b).  See the following

case law which distinguishes between the government right of action under 15 USC

1681s-2(a), and the private cause of action under 15 USC 1681s-2(b).


Marshall v. Swift River Academy, LLC, 2009 WL 1112768
(9th Cir. 2009).
A consumer has no private right of action under FCRA
against furnisher merely because the furnisher failed to
provide accurate information to consumer reporting
agencies.

Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007
WL2332494, *1 (E.D. Pa. Aug. 10, 2007).
In order to prevail on a FCRA claim Plaintiff "must prove
[he] notified a credit reporting agency of the dispute, the
credit reporting agency then notified the furnisher of
information, and the furnisher of information failed to
investigate or rectify the disputed charge.").

Catanzaro v. Experian Information Solutions, Inc., 671 F.
Supp.2d 256, 260 (D. Mass. 2009).
Notification by a consumer reporting agency to the
furnisher is a prerequisite for furnisher liability under
FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3
(M.D. Pa. 2006). The Court dismissed Plaintiff's
Complaint, but only because Plaintiff failed to allege that
he disputed the accuracy of the debt to a credit agency, or
that the credit agency thereafter reported dispute to
defendant.

47.     Because Plaintiff first disputed the account(s) with Defendant(s), and then disputed the account with the credit reporting agency afterwards, and then Defendant verified the derogatory information to the Credit Reporting Agency without stating that the account was in a "disputed" status, Plaintiff does have a private cause of action against Defendant under these particular circumstances.

**48.**    It is believed and averred that Defendant has standard business practices antithetical to its duties under 15 USC 1681 s-2.

## LIABILITY

49.     The previous paragraphs of this complaint are incorporated by reference and made a part hereof .

50.     At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

51.     At all times various employees and / or agents of Defendant were acting as agents of Defendant, and therefore Defendant is liable to Plaintiff for the acts committed by its agents and / or employees under the theory of joint and several liability because Defendant and its agents were engaged in a common business venture and were acting jointly and in concert.

## DAMAGES

52.     The preceding paragraphs are incorporated by reference and made a part hereof.

53.     Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, phone calls, fax, gas, mileage, etc.

54.     $1,000.00 statutory damages under 15 USC 1681 et. seq.

55.     Plaintiff suffered some distress and anger as a result of Plaintiff's rights being violated by Plaintiff and the rights of other consumers.

56.     The value of Plaintiff's emotional distress shall be proven at trial.

57.     Plaintiff believes and avers that the acts committed by Defendant are willful, wanton intentional, or reckless at best.  Plaintiff believes and avers that Defendant's acts are systemic.  Therefore, punitive damages are warranted.

58.     Plaintiff believes and avers that punitive damages should be awarded to Plaintiff in the amount of no less than $20,000.

# ATTORNEY FEES

59.     The previous paragraphs of this complaint are incorporated by reference and made a

part of this Complaint.

60.     Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees of

$2,625  at a rate of $350.00 per hour, described below.

| | |
|---|---|
| a.   Consultation with client and review of file. Drafting of disputes.  Organizing documents. | 2 hour |
| b.   Drafting of writ and related documents | .25 |
| c.   Drafting , editing, review and filing of compliant and amended complaint  related documents | 2 |
| d.   Service of Process | .25 |
| e.   Drafting, editing, filing and serving Answer to motion to dismiss and related Documents | 1 |
| f.   Follow up correspondence with Defense | 2 |

Total = 7.5                    $2,625

61.     Plaintiff's attorney fees continue to accrue as the case moves forward.

## INJUNCTIVE RELIEF

62.     The previous paragraphs of this Complaint are incorporated by reference.

**63.**     Plaintiff requests an order from this honorable court directing Defendant to report Plaintiff's account(s)(s) referred to in the attached exhibits as "disputed," in accordance with 15 USC 1681 s-2, or not to report the account(s) at all.

## OTHER RELIEF

64.     The previous paragraphs of this Complaint are incorporated by reference.

65.     Plaintiff requests such other relief as this court may deem just and proper.

## JURY TRIAL

66.     Plaintiff requests and demands a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of   $23,626

enumerated as follows.

$1.00 actual damages
$1,000.00 statutory damages,
$2,625 attorney fees
$20,000 punitive damages

_____

$23,626

Wherefore, Plaintiff seeks declarative relief and in injunction requiring Defendant to comply

with 15 USC 1681 s-2. Plaintiff seeks such other relief as this Court deems fair and just.

Vicki Piontek, Esquire
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax:  866-408-6735
palaw@justice.com

7.28.2011

Date

# EXHIBITS

Marina Shap
741 Chesham Turn
Southampton, PA  18966

Capital One Bank USA NA
P.O. Box 30281
Salt Lake City, UT  84130

**Re.  Marina Shap**        SSN ▨▨▨▨▨▨
**Reference / Account Number** 4305 7223 5784 1793
**Alleged Balance $7,643**

### DISPUTE

Your company has place derogatory information on my credit report which I wish to dispute.  The alleged high balance is excessive and inflated and not warranted by any existing contract.

I never owed $7,643 to your company. I am requesting proof of the amount of the alleged high balance. I request a copy of the initial contract, payment history and a breakdown of the balance.

Please provide me with proof of the interest rate, late fees and finance charges. Is there a contract that proves your right to add such charges?  If so, please send it.

I DISPUTE THE INFORMATION YOU HAVE PUT N MY CREDIT REPORT.  YOU MUST UPDATE MY REPORT TO SHOW THAT THIS IS A DISPUTED ACCOUNT.

Sincerely,

_m. Shap_                    _04/05/11_
Marina Shap                  Date



P.O. Box 30281
Salt Lake City, UT 84130-0281

1595

April 12, 2011

Marina Shap
741 Chesham Turn
Southampton, PA 18966

Re: xxxxxxxxxxxx1793
Case #: 1000167761313 2

Dear Marina Shap,

Thanks for contacting us about your Capital One® account. Please know that we've forwarded your correspondence to the appropriate department to address this matter. You should receive a response from them shortly.

If you have questions, please call us at 1-800-955-7070. Our Customer Service Representatives are available 24 hours a day, 7 days a week.

Sincerely,

Capital One Services, LLC

PAGE 01 OF 01

001932 / QA- 1838/DOM

6453    © 2011 Capital One. Capital One is a federally registered service mark. All rights reserved.

MAY. 19. 2011  1:11PM      COMMUNITY HOME CARE                NO. 0030   P. 2

\*\*\* 237617868-003\*\*\*
PO Box 2000
Chester, PA 19022

                                                            05/06/2011    TransUnion.

P11CK000200026-I000101-047517961

MARINA SHAP
741 CHESHAM TURN
SOUTHAMPTON, PA 18966

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of any company we may have contacted for information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs.

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| CAPITAL ONE BANK USA NA | # 430672235784\*\*\*\* | NEW INFORMATION BELOW |

00101 00026 001 C101



MAY. 19. 2011  1:11PM      COMMUNITY HOME CARE                    NO. 0030    P.  4



| | |
|---|---|
| File Number: | 237617868 |
| Page: | 1 of 1 |
| Date Issued: | 05/06/2011 |

TransUnion.

X  OK

**CAPITAL ONE BANK USA NA** #430572235784****
PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070

Loan Type: CREDIT CARD
Remarks: >BANKRUPTCY DISMISSED<
Estimated data that this item will be removed: 02/2017

| | |
|---|---|
| Balance: | $7,602 |
| Date Verified: | 05/2011 |
| High Balance: | $7,643 |
| Credit Limit: | $7,500 |
| Past Due: | >$7,602< |

| | |
|---|---|
| Pay Status: | >CHARGED OFF AS BAD DEBT< |
| Account Type: | REVOLVING ACCOUNT |
| Responsibility: | INDIVIDUAL ACCOUNT |
| Date Open: | 09/2003 |
| Date Closed: | 04/2010 |

- End of investigation results -

To view a free copy of your full, updated credit file, go to our website http://disclosure.transunion.com

00103 00026 003 C101

MAY. 19. 2011 1:12PM COMMUNITY HOME CARE NO. 0030 P. 6



PO Box 9701
Allen, TX 75013

0002725 01 M8 0.387 *AUTO 1 0 7167 18996-454841 -C01-P02726-I

MARINA SHAP
741 CHESHAM TURN
SOUTHAMPTON PA 18966-4548

0241036229

Prepared for: MARINA SHAP
Date: May 10, 2011
Report number: 0167-9270-91

Page 1 of 2

# Dispute results

## About our dispute process

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record.

The federal Fair Credit Reporting Act provides that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have requested your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

## How to read your results

**Deleted** - This item was removed from your credit report.

**Remains** - This item was not changed as a result of our processing of your dispute.

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Investigated** - This item was either updated or deleted; review this report to learn its outcome.

## Results

We completed investigating any items you disputed with the sources of the information and processed any other requests you made. Here are the results:

| Credit items | Outcome |
|---|---|
| CAP ONE | Updated |
| #30572235734... | |

Visit experian.com/status to check the status of your pending disputes at any time

## Additional Information

To view a full copy of your corrected credit report, visit experian.com/viewreport

☐ To receive a copy by mail, check this box and within 30 days return this original page to P.O. Box 9701, Allen, TX 75013.

Copies will not be accepted.

## What's your credit score?

Find out by ordering your VantageScore® from Experian for only $7.95. To order, call 1 888 322 5583.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

MAY. 19. 2011 1:12PM  COMMUNITY HOME CARE                    NO. 0030   P. 7

Case 2:11-cv-04461-CMR  Document 16-1  Filed 12/02/11  Page 22 of 24

**Experian**

Prepared for: MARINA SHAO
Date: May 10, 2011
Report number: 0162-9270-8...

Page 2 of 2

# Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## ■ Credit items

**CAPITAL ONE**
PO BOX 30281
SALT LAKE CITY UT 84130
Phone number
(800) 955-7070
Partial account number
5...
Address identification number
0080329249?

| | |
|---|---|
| Date opened | Sep 2003 |
| First reported | Jun 2008 |
| Date of status | Jun 2010 |

| | |
|---|---|
| Type | Credit card |
| Terms | Not reported |
| Monthly payment | Not reported |

| | |
|---|---|
| Credit limit or original amount | $7,500 |
| High balance | $7,843 |

| | |
|---|---|
| Recent balance | $7,602 as of Jun 2010 |

**Responsibility**
Individual

**Status**
Chapter 13 Bankruptcy Dismissed. $7,602 written off. $7,602 past due as of Jun 2010.
This account is scheduled to continue on record until Apr 2017.

**Creditor's statement**
"Account closed at credit grantor's request."

**Account History**
This item was verified and updated on May 2011.
Chapter 13 Bankruptcy Dismissed on June 10, 2010.



### Payment history legend

| | | | | |
|---|---|---|---|---|
| **CUR** | Current/terms of agreement met | | **VS** | Voluntarily surrendered |
| **30** | Account 30 days past due | | **R** | Repossession |
| **60** | Account 60 days past due | | **PBC** | Paid by creditor |
| **90** | Account 90 days past due | | **IC** | Insurance claim |
| **120** | Account 120 days past due | | **G** | Claim filed with government |
| **150** | Account 150 days past due | | **D** | Defaulted on contract |
| **180** | Account 180 days past due | | **C** | Collection |
| **CRD** | Creditor received deed | | **CO** | Charge off |
| **FS** | Foreclosure proceedings started | | **CLS** | Closed |
| **F** | Foreclosed | | **ND** | No data for this time period |

### Payment history

| = Account balance (%)   | = Date payment received   | = Scheduled payment amount ($) |
| = Actual amount paid ($) |

**2010**

| May10 | Apr10 | Mar10 | Feb10 | Jan10 | Dec09 | Nov09 | Oct09 | Sep09 | Aug09 | Jul09 | Jun09 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CO | 7,602 | 7,602 | 7,509 | 7,419 | 68 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN

2009

Account history: If your creditor reported your account balance to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount (for an installment loan). This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

0241038229

MAY. 19. 2011  1:12PM    COMMUNITY HOME CARE                          NO. 0030    P. 5

# EQUIFAX

**CREDIT FILE :** *May 6, 2011*
**Confirmation # 112505281**

Dear Marina Shap:

Your request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results and a report of your credit file revised, as applicable, as a result of the reinvestigation. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com).

Thank you for giving Equifax the opportunity to solve you.

**The Results Of Our Reinvestigation**

**Credit Account Information**
*(As you requested, the list of credit grantors who you feel contain inaccurate data has been researched. The results are reported below. If any credit grantor is not listed below the item has been verified as reported.)*

| Account History | Status Code Descriptions |
|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due |
| 3 : 90-119 Days Past Due | G : Collection Account |
| 4 : 120-149 Days Past Due | H : Foreclosure |

| | J : Voluntary Surrender |
| | K : Repossession |
| | L : Charge Off |

>>>  **We have researched the credit account. Account # - 430572235784\* The results are:** The high credit/credit limit on this account has been updated. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: **Capital One, PO Box 30281, Salt Lake City  UT 84130-0281**

430572235784\*

| Account Number | Date Opened | High Cred | Credit Limit | Terms Duration | Term Frequency | Months Revd | Activity Designator |
|---|---|---|---|---|---|---|---|
| Item Aer of | Balance | Actual | Actual | Scheduled | Date of last | Date of last | Charge Off | Deferral Pay | Balloon Pay | Credit Classification |
| Date Reported | Past Due | Last Paymnt | Payment Amount | Payment Amount | Deficiency | Last Activity | Amount | Start Date | Start Date |
| 430572235784\* | 09/2003 | $7,500 | $7,500 | | Monthly | 61 | |
| 05/2011 | $7,602 | 01/2010 | $0 | $0 | 04/2010 | 06/2010 | $7,602 | | $0 |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account; ADDITIONAL INFORMATION - Chapter 13 Bankruptcy Dismissed; Charged Off Account; Account Closed By Credit Grantor; Credit Card;

| Account History with Status Codes | 052010  042010 |
| | L        L |

( Continued On Next Page )

Page 1 of 2

000081

0009636636-961

Marina Shap
741 Chesham Turn
Southampton, PA 18966-4543

P.O. Box 105518
Atlanta, GA 30348

1125052361APP-0009636636-961.4537.AS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Marina Shap | : | |
| 741 Chesham Turn | : | |
| Southampton, PA 18966 | : | 11-cv-04461-CMR |
| Plaintiff | : | |
| Vs. | : | |
| Capital One Financial Corporation | : | |
| 1680 Capital One Drive | : | |
| McLean, VA 22102 | : | |
| and | : | |
| Capital One Bank (USA) | : | |
| 6124 188th Street | : | |
| Fresh Meadows, NY 11365-2713 | : | Jury Trial Demanded |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| X,Y,Z Corporations | : | |
| Defendant(s) | : | |

**Certificate of Service**

On the 28th day of July, 2011, I sent a true and correct copy of the attached amended complaint upon the following parties at the following addresses.

McGuireWoods LLP
Kevin Batik, Esquire
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222

Vicki Piontek                7.28.2011
_____    _____
Vicki Piontek, Esquire        Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735