IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| MARINA SHAP, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
|  | : | |
| CAPITAL ONE FIN. CORP., et al., | : | NO. 11-4461 |
| Defendants. | : | |
|  | : | |

_____ :

## MEMORANDUM OPINION

**RUFE, J.**                                                                                      **March 30, 2012**

Plaintiff Marina Shap brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA" or the "Act")[1] against Defendants Capital One Bank (USA), N.A. and Capital One Financial Corporation (collectively, "Capital One"). Before the Court is Capital One's Motion to Dismiss the Complaint. For the reasons that follow, the Motion will be granted in part and denied in part.

## I. BACKGROUND

The facts alleged in the Complaint are assumed to be true for the purposes of the Motion to Dismiss. By letter dated April 5, 2011, Plaintiff notified Capital One that she disputed the information contained in her credit report that she owed $7,643 to Capital One.[2] She claimed that the balance was inflated and not supported by an existing contract, and requested that Capital One send her a copy of her initial contract with Capital One, her payment and balance history,

---

[1] 15 U.S.C. §§ 1681- 1681x.

[2] Compl., Ex. 1.

and proof of the interest rate, late fees, and finance charges applied to her account.[3]  Plaintiff

received a letter dated April 12, 2011 in response, informing Plaintiff that her letter had been

forwarded to the "appropriate department to address the matter."[4]  Plaintiff then disputed the debt

in writing "with the relevant credit bureaus."[5]

Plaintiff avers that "one or more of the relevant credit bureaus" conducted an

investigation into the disputed debt.[6]  When contacted by the CRAs, Capital One verified the

information regarding Plaintiff's account, but failed to state that the balance owed had been

disputed by Plaintiff.[7]   In Count One, Plaintiff alleges that Capital One's verification of the debt

without notifying the CRAs that the account was disputed violated § 1681s-2(b) of the FCRA.  In

Count Two, Plaintiff alleges that Capital One's failure to investigate the dispute after it received

Plaintiff's April 5, 2011 letter also violated § 1681s-2(b).  Capital One moves to dismiss both

counts.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure

to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain

statement" lacks enough substance to show that she is entitled to relief.[8]  In determining whether

---

[3] Id.

[4] Compl., Ex. 2.

[5] Compl. ¶ 12.

[6] Compl. ¶ 13.

[7] Compl. ¶¶ 14-15.

[8] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

a motion to dismiss should be granted, the court must consider only those facts alleged in the

complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-

moving party.[9]   Courts are not, however, bound to accept as true legal conclusions couched as

factual allegations.[10]  Something more than a mere *possibility* of a claim must be alleged; rather

the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[11]

The complaint must set forth "direct or inferential allegations respecting all the material elements

necessary to sustain recovery under *some* viable legal theory."[12]  The court has no duty to

"conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."

### III. DISCUSSION

Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting,

promote efficiency in the banking system, and protect consumer privacy."[13]  "The FCRA is

intended 'to protect consumers from the transmission of inaccurate information about them, and

to establish credit reporting practices that utilize accurate, relevant, and current information in a

confidential and responsible manner.'"[14]  The FCRA imposes duties not only on credit reporting

agencies ("CRAs"), but also on those who, like Capital One, furnish information to such

---

[9] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[10] Twombly, 550 U.S. at 555, 564.

[11] Id. at 570.

[12] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).

[13] Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007).

[14] SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 357 (3d Cir. 2011) (quoting Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010)).

agencies.[15]  For example, under 15 U.S.C. § 1681s-2, a furnisher has a duty to provide accurate

information to CRAs and a "duty to conduct an investigation into the completeness and accuracy

of the information furnished."[16]  An individual may assert a private cause of action for violations

of § 1681s-2(b),[17] which provides in relevant part that:

> (b) Duties of furnishers of information upon notice of dispute
> (1) In general. After receiving notice pursuant to section 1681i(a)(2) of
> this title of a dispute with regard to the completeness or accuracy of any
> information provided by a person to a consumer reporting agency, the
> person shall--
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting
> agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting
> agency;
> (D) if the investigation finds that the information is incomplete or
> inaccurate, report those results to all other consumer reporting agencies
> to which the person furnished the information and that compile and
> maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be
> inaccurate or incomplete or cannot be verified after any reinvestigation
> under paragraph (1), for purposes of reporting to a consumer reporting
> agency only, as appropriate, based on the results of the reinvestigation
> promptly--
> (i) modify that item of information;
> (ii) delete that item of information; or
> (iii)permanently block the reporting of that item of information.[18]

Capital One argues that the Complaint "is based on the erroneous assumption regarding

the scope of a furnisher's duties under the FCRA[:] . . . that a furnisher is automatically and

---

[15] Id.

[16] Id.

[17] Id. at 358.

[18] 15 U.S.C. § 1681s-2(b).

always liable under the FCRA if, after the plaintiff submitted a dispute to a credit reporting

agency, the furnisher fails to report that a consumer had disputed the account."[19]  According to

Capital One, this position is not supported by the language of the FCRA; instead, Capital One

urges the Court to adopt the standard established by the Fourth and Ninth Circuits which

provides that the failure to report an account as disputed gives rise to liability only when the

dispute is bona fide. Capital One submits that Plaintiff fails to allege a bona fide dispute in Count

One and therefore that Count One should be dismissed.

Capital One also argues that Plaintiff has failed to state a claim in Count Two because the

FCRA does not provide a private cause of action for a failure to investigate a direct dispute, as

Plaintiff alleges here.

The Court will address each argument in turn.

**A.      Count One: Failure to Mark Account as Disputed**

Section 1681s-2(b) does not expressly require a furnisher to notify a CRA that an account

is disputed when verifying the account.  Rather, it requires a furnisher, upon notice from a CRA

that a consumer has disputed the account to the CRA, to ensure that the information provided to

the CRA is complete and accurate.  Thus, whether Capital One may be held liable for failing to

notify the CRAs that Plaintiff disputed her account depends on whether the Court finds that the

failure to mark an account as disputed affects the completeness or accuracy of the information

provided to the CRAs thereby giving rise to liability under § 1681s-2(b).  While the Third Circuit

has not ruled on this issue, several other courts have provided us with persuasive reasoning to

consider.

---

[19]  Def.'s Mot. to Dismiss (Doc. No. 5) at 5.

Both the Fourth and Ninth Circuits have held that a furnisher's failure to report a debt as disputed may create liability under § 1681s-2(b) the FCRA.[20]  In Saunders v. Branch Banking & Trust Co., the Fourth Circuit Court of Appeals held that a bank's failure to report a debt as disputed gave rise to liability under the FCRA, reasoning that:

> Congress clearly intended furnishers to review reports not only for inaccuracies in the information reported but also for *omissions* that render the reported information misleading. Courts have held that a credit report is not accurate under FCRA if it provides information in such a manner as to create a materially misleading impression. . . . [A] report "is inaccurate" not only "when it is 'patently incorrect' " but also "when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ]' effect." . . . [A] consumer report that contains technically accurate information may be deemed "inaccurate" if the statement is presented in such a way that it creates a misleading impression.[21]

In Gorman v. Wolpoff & Abramson, LLP, the Ninth Circuit found the reasoning in Saunders persuasive, holding that a furnisher's failure to report that a debt is disputed *may* give rise to a private cause of action under § 1681s-2(b).[22]  Gorman went a step further than Saunders, however; while Saunders "*assume[d] without deciding* that a furnisher incurs liability under § 1681-s2(b) only if it fails to report a meritorious dispute,"[23] Gorman explicitly held that "[i]t is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b)."[24]

---

[20]   See Saunders v. Branch Banking & Trust Co. of Va., 526 F.3d 142, 150 (4th Cir. 2008); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1163 (9th Cir. 2009).

[21]   526 F.3d at 148 (emphasis added; citations omitted; alteration in original).

[22]   584 F.3d at 1163.

[23]   Saunders, 526 F.3d at 151 (emphasis added).

[24]   Gorman, 584 F.3d at 1163.

Although the Third Circuit has not addressed when a furnisher's failure to mark a debt as disputed subjects the furnisher to liability under § 1681s–2(b), it has adopted Saunders's holding that "a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression."[25] In Saunders, the consumer presented evidence at trial that CRAs do not consider the reporting of a dispute superfluous; "when a furnisher responds to a dispute verification form and relates an ongoing dispute, [the CRA] records the dispute in the credit report and does not include the derogatory information in assessing the credit score."[26]   Applying the Third Circuit's adoption of the Saunders definition of an inaccurate credit report to a circumstance in which a furnisher fails to report a debt as disputed, the Court finds that a furnisher's  "technically accurate" report of a delinquent debt may be misleading and negatively effect a consumer's credit report if the furnisher fails to mark the debt as disputed.

The Court qualifies this finding, however, as did the court in Gorman; the dispute submitted by the consumer to the furnisher must be bona fide to create furnisher liability under § 1681s-2(b).  This holding is consistent with the holdings of those courts within this Circuit that have addressed the issue[27] and is consistent with the purpose of the FCRA "to protect consumers

---

[25]   Schweitzer v. Equifax Information Solutions LLC, 441 F. App'x 896, 902 (3d Cir. 2011) (quoting Saunders, 526 F.3d at 148).

[26]   Saunders, 526 F.3d at 150.

[27]   Van Veen v. Equifax Information, No. 10-1635, 2012 WL 556063, at *5 (E.D. Pa. Feb. 14, 2012) (holding that "[A] furnisher may be held liable for failing to report a debt as disputed if the Plaintiff has lodged a bona fide dispute."); Noel v. First Premier Bank, No. 12-50, 2012 WL 832992, at *8 (M.D. Pa. Mar. 12, 2012) ("We conclude that Gorman's determination that failing to report a meritless dispute does not give rise to a violation of § 1681s–2(b) is consistent with the purpose of the FCRA and is supported by requirements concerning a consumer dispute in other sections of the Act.").

from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner."[28]

Moreover, this holding is consistent with other sections of the Act. Section 1681s-2(a)(3) expressly requires a furnisher to provide a CRA with notice that an account is disputed by the consumer; "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer."[29] Section 1681s-2(a)(8) provides that the duty to report disputes does not apply where the consumer's dispute is "frivolous or irrelevant."[30] While a violation of this section does not give rise to private right of action by a consumer,[31] it evidences the intent of Congress to include information that an account is disputed within the category of information that a furnisher must report to ensure completeness and accuracy in a consumer's credit report where the dispute submitted is bona fide.

Having determined that Capital One may be held liable for failing to report that Plaintiff disputed the delinquent debt if the dispute was bona fide, the Court now considers whether the Complaint alleges a bona fide dispute. What constitutes a bona fide dispute has not been established in this Circuit; however, 15 U.S.C. § 1681s-2(a)(8) provides guidance to the Court in determining whether the dispute here was bona fide.[32] Subsection (a)(8)(D) contains guidelines

---

[28]   SimmsParris, 652 F.3d at 357 (quotation omitted).

[29]   15 U.S.C. § 1681s-2(a)(3).

[30]   15 U.S.C. § 1681s-2(a)(8)(F).

[31]   SimmsParris, 652 F.3d at 357.

[32]   Noel, 2012 WL 832992, at *9.

for a consumer's submission of a dispute to a furnisher; it provides:

> A consumer who seeks to dispute the accuracy of information shall provide a dispute notice directly to such person at the address specified by the person for such notices that-- (i) identifies the specific information that is being disputed; (ii) explains the basis for the dispute; and  (iii) includes all supporting documentation required by the furnisher to substantiate the basis of the dispute.[33]

Subsection (a)(8)(F) states that the duty to investigate and report disputes "shall not apply if the person receiving a notice of a dispute from a consumer reasonably determines that the dispute is frivolous or irrelevant, including -- (I) by reason of the failure of a consumer to provide sufficient information to investigate the disputed information."[34]

Here, the Complaint alleges that Plaintiff disputed the debt and references exhibits attached to the Complaint to demonstrate this fact.  The exhibits attached are (1) a letter dated April 5 from Plaintiff to Capital One disputing that she owed a debt to Capital One and (2) Capital One's response to this letter.[35]  Capital One argues that Plaintiff's allegations coupled with these exhibits are insufficient to state a claim that the dispute was bona fide because the statements contained in the letter are conclusory and lack specificity.  The Court disagrees.

The FCRA provides that a furnisher receiving notice of a dispute from a consumer need not investigate the dispute if the furnisher determines that the dispute is frivolous based on the consumer's failure provide sufficient information to facilitate the investigation of the dispute.[36]

---

[33]  15 U.S.C. § 1681s-2(a)(8)(D).

[34]  15 U.S.C. § 1681s-2(a)(8)(F)(i).

[35]  Compl., Exs. 1, 2.

[36]  15 U.S.C. § 1681s-2(a)(8)(F)(i).

Capital One appears to argue that this was the case here and therefore, that the dispute was not

bona fide.  However, drawing all reasonable inferences in favor of Plaintiff, the allegations state

a claim that is plausible on its face.  Capital One responded to Plaintiff's dispute letter by

forwarding her dispute to the "appropriate department," which investigated her claims.  An

investigation may not have occurred if the information contained in her letter was insufficient to

support an investigation.  Thus, although discovery may reveal that Plaintiff's letter dispute did

not give rise to a duty to provide notice of the dispute to the CRAs, at this stage in the litigation,

the Court finds the allegations sufficient to withstand the motion to dismiss.

Plaintiff has stated a claim for failure to mark her debt as disputed based on the

submission of a bona fide dispute that is plausible on its face; accordingly, the Motion will be

denied with respect to Count One.

**B.      Count Two: Failure to Conduct a Proper Investigation into Plaintiff's Alleged Dispute**

As provided above, a consumer may dispute a debt directly to a furnisher by submitting a

notice pursuant to § 1681s-2(a)(8)(D) identifying the specific information being disputed.

Subsection (a)(8) provides the circumstances under which a furnisher is required to investigate

disputes submitted directly by the consumer.  Conversely, the duties of a furnisher under

§ 1681s-2(b) are triggered when the furnisher receives notice pursuant to § 1681i(a)(2) from a

CRA, after the consumer has notified the CRA of a dispute.  A consumer's direct dispute to the

furnisher does not trigger a furnisher's duties under § 1681s-2(b).[37]

---

[37] Groves v. U.S. Bank, No. 10-2665, 2011 WL 2192821, at *5 (M.D. Fla. June 6, 2011) ("A consumer may dispute information directly with a furnisher of information, 15 U.S.C. [§] 1681s–2(a)(8), by submitting a notice that identifies the specific information that is being disputed, that explains the basis for the dispute, and that includes all supporting documentation required by the furnisher to substantiate the basis of the dispute. This section regulates

In Count Two, Plaintiff alleges that she contacted Capital One "at various times in writing" about the alleged debt and requested that Capital One investigate the dispute.[38] According to Plaintiff, "[§] 1681s-2 requires a furnisher to conduct a reasonable investigation of an account which appears on a consumer's credit report, upon written request of the consumer to do so."[39]  Although § 1681s-2 does require such an investigation, the requirement is contained in subsection (a)(8), which does not provide a private cause of action.[40]  There is no similar requirement under subsection (b), which does provide for private causes of action.  Plaintff appears to concede this point by not presenting any argument to the contrary in her Response to Capital One's Motion to Dismiss.

Consequently, Plaintiff has failed to state a claim based on Capital One's failure to investigate her direct dispute in Count Two because no private cause of action exists with respect to this claim.  Accordingly, Count Two will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Capital One's Motion to Dismiss with be granted in part and denied in part.  Count Two will be dismissed.  The Motion will be denied in all other respects. An appropriate Order follows.

---

the circumstances under which a furnisher is required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on the direct request of the consumer. However, based on the requirement of notice pursuant to section 1681(i)(a) (2), such a direct dispute does not trigger the furnisher's duty under [§] 1681s–2(b).").

[38]  Compl. ¶¶ 20-21.

[39]  Compl. ¶ 22.

[40]  SimmsParris, 652 F.3d at 357.